Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 463 | DATE | 5/31/2000 |
| CASE TITLE | Clifton H. Turner vs. Diversified Adjustment Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum Opinion and Order. At least for the present, then, because of that shortfall by Turner and his counsel in demonstrating their compliance with Rule 23(A)(3) and 23(a)(4), the motion for class certification is denied. (8-1) Plaintiff's motion for entry of document preservation order is denied without prejudice to the presentation of a more appropriate narrowed motion at some future date. (7-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | JUN 0 1 2000 date docketed | |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | 13 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | 5/31/2000 date mailed notice | |
| SN | courtroom deputy's initials | 00 MAY 31 PM 2: 15 | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLIFTON H. TURNER, )
)
        Plaintiff, )
)
v. ) No. 00 C 463
)
DIVERSIFIED ADJUSTMENT SERVICE, )
INC. and JOHN DOES 1-10, )
)
        Defendants. )

**DOCKETED**

**JUN 0 1 2000**

MEMORANDUM OPINION AND ORDER

Clifton Turner ("Turner") and his counsel have moved that this Fair Debt Collection Practices Act ("Act") lawsuit proceed as a class action under Fed. R. Civ. P. ("Rule") 23--the concept regularly referred to (and so termed here) as "certification." In this type of action there may be some tension between one of the essential components of certification--the need for adequacy of representation by both the name plaintiff and his or her counsel (see Rule 23(a)(4))--and the fact that claimed violations of the Act are tested by the yardstick of the "unsophisticated debtor" (see most recently Pettit v. Retrieval Masters Creditors Bureau, Inc., No. 99-1797, 2000 WL 558945, at *2 (7th Cir. May 9)):

    1. Is it somehow unreasonable to expect the presumably unsophisticated debtor to be knowledgeable enough to be an

effective plaintiff in an action that may involve some
complex issues?

2. If that is an unreasonable expectation, so that
plaintiff's counsel alone rather than plaintiff must be
looked to for the adequacy of representation, what has
happened to the notion that these are plaintiff lawsuits and
not lawyer lawsuits?[1]

But it is not necessary to resolve that possible tension to
decide the current motion. In this instance counsel for
defendant Diversified Adjustment Service, Inc. ("Diversified")
took the deposition of plaintiff Turner. Many of his answers
were not only candid but were damaging, to a greater or lesser
extent, to his potential for acting as an adequate representative
for the proposed class as specified in Complaint ¶24:

> 24. This action is brought on behalf of a class.
> The class is tentatively defined as (i) all Illinois
> residents (ii) who were sent "N2" [Diversified's form
> letter attached as Complaint Ex. B] within less than 30
> days after "N1" [Diversified's form letter attached as

---

[1] This Court is not so naive that it fails to recognize the
sometimes fictive nature of that notion (a concern exhibited by
our Court of Appeals, for example, in Rand v. Monsanto Co., 926
F.2d 596, 599 (7th Cir. 1991)). At the same time, the same
concerns about who really controls class actions that led
Congress to enact what it called "reform" legislation in the
securities field in 1995 are relevant to class actions generally,
including proposed consumer class actions such as this one.

2

Complaint Ex. A], (iii) "N2" being sent on or after a date one year prior to the filing of this action, (iv) "N2" not being returned by the Postal Service, (v) in an attempt to collect a debt which, according to the defendants' records or the nature of the debt or the creditor, is a non-business debt.[2]

Thus, for example, Turner confirmed that if Ameritech Cellular (the claimed creditor for whom Diversified was acting as a collection agency) were to say that he didn't have to pay the amount owing for his cellular phone service, Turner would not still want to pursue this lawsuit against Diversified (Dep. 38). And Turner also testified that the only reason he brought this action was to recover money (presumably statutory damages) to help pay off his existing bills (Dep. 51, 64). If they stood alone, those responses (which frankly admit, as many if not most honest plaintiffs would, the real focus of Turner's own interest) would not appear to qualify him as an adequate representative of the proposed class. But Turner did later appear to demonstrate a reasonable understanding of the responsibilities of a class representative (Dep. 66-67, 77-78). Because the lawyers for the parties dispute whether those last-mentioned responses were the product of some coaching by Turner's counsel, and because this

---

[2] [Footnote by this Court] Photocopies of N1 and N2 are attached to this opinion, and those documentswill be referred to by the same designations here.

3

Court was not of course present during the deposition, it is prepared to give Turner and his counsel the benefit of the doubt, and thus not to view the earlier-mentioned responses as disqualifying him on grounds of inadequacy as a class representative.

There is another aspect of Turner's deposition testimony that is somewhat problematic. Turner has been identified as a "slow learner" (Dep. 69), a situation that he himself characterized as "maybe retarded" (Dep. 68) and "mostly mental retardation" (id. 69), but that was more accurately termed as educable mentally handicapped--a factor that appears to have contributed to the difficulty that this Court has found in following and synthesizing Turner's answers to a number of the questions. Again Diversified's counsel urges that Turner's more limited capacity should be a basis for treating him as an inadequate class plaintiff. Even though that factor would indeed seem to enhance the prospect that the action will be lawyer-driven rather than client-driven, this Court has long been aware of the teaching of such cases as <u>Surowitz v. Hilton Hotels</u>, 383 U.S. 363, 366 (1966) on that score. Accordingly this Court will not view that added factor as an automatic disqualifier either.

But what is considerably more troublesome in terms of the

need for adequacy of representation (and the related consideration of "typicality" under Rule 23(a)(3)) is that Turner confirmed during his deposition that he did not find confusing one of the two communications that his lawyers have charged as integral to the gravamen of the class complaint. In that regard Complaint ¶¶13-17 deal with N2 in factual terms, Complaint ¶18 then alleges a practice on Diversified's part of sending the N2 form within less than 30 days after the transmittal of N1, and Complaint ¶¶20-22 charge that the statements in N2 "create a sense of urgency and contradict, obfuscate and render confusing the §1692g notice of rights in [N1]" (Complaint ¶22). And equally critically, the earlier-quoted putative class definition (Complaint ¶24) expressly embraces N2 as well as N1. If there were any doubt on that score (and there is none), Complaint ¶26 (emphasis added) asserts:

> There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. <u>The principal issue is whether sending "N2" within 30 days of "N1" violates the FDCPA</u>.

In light of that very nature of the putative class claim, when coupled with Turner's disclaimer of any confusion on his own part stemming from the N2 communication (and incidentally coupled as well with the other earlier-mentioned factors that

5

of themselves disqualify Turner as a class representative), the facts presented here do not represent an appropriate predicate for plaintiff Turner being found either (1) to be typical of the members of the proposed class or (2) to be an adequate representative for the class in terms of the theory advanced in the Complaint. At least for the present, then, because of that shortfall by Turner and his counsel in demonstrating their compliance with Rule 23(a)(3) and 23(a)(4), the motion for class certification is denied.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: May 31, 2000

---

[3] Turner's counsel has also tendered a document captioned "Plaintiff's Motion for Entry of Document Preservation Order." As this Court stated orally during the presentment of that motion, it is framed far too broadly for this litigation (it was modeled after a draft order in the Manual for Complex Litigation 3d §41.34, which clearly does not fit the situation here). It is denied, but without prejudice to the presentation of a more appropriate narrowed motion at some future date.

6

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE



# DIVERSIFIED ADJUSTMENT SERVICE, INC.

MAIL TO:  P.O. BOX 32145  
           FRIDLEY, MN 55432

600 COON RAPIDS BLVD.  
COON RAPIDS, MN 55433

612-780-1042  
1-800-279-3733  
EMAIL ADDRESS : REP@DIVERSIFIEDADJUSTMENT.COM

NOVEMBER 8, 1999

CLIFTON H TURNER  
1000 GROVE ST  
EVANSTON IL   60201-4202

RE: AMERITECH CELLULAR CHICAGO  
CLIENT REFERENCE #  :  847-370-9862-002  
BALANCE DUE            :  $253.31

## IMPORTANT NOTICE

YOUR ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION!

PLEASE REMIT PAYMENT IN FULL OR CALL OUR OFFICE.

MAJOR CREDIT CARDS ACCEPTED

THERE WILL BE A $20.00 SERVICE CHARGE ON ALL RETURNED CHECKS.

* * * YOUR ACCOUNT WILL BE REPORTED TO THE CREDIT BUREAU(S) * * *

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

------------------------------ Detach and Return ------------------------------

P.O. Box 32145  
Fridley, MN 55432  
Forwarding Service Requested

PERSONAL & CONFIDENTIAL

2697914

CLIFTON H TURNER  
1000 GROVE ST  
EVANSTON IL   60201-4202

RE: AMERITECH CELLULAR CHICAGO  
ACCOUNT #     :  2697914  
BALANCE DUE  :  $253.31

Check one:          ☐ Visa             ☐ MasterCard

Card Number: _____

Expiration Date: _____  Payment Amount: _____

Signature: _____

Telephone #: _____

Diversified Adjustment Service, Inc.  
P.O. Box 32145  
Fridley, MN 55432-0145

ENCLOSING THIS NOTICE WITH YOUR PAYMENT WILL EXPEDITE CREDIT TO YOUR ACCOUNT.

40-007959-R313-T034-053000-N1XXXXXX-Y-01

N1



THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE

# DIVERSIFIED ADJUSTMENT SERVICE, INC.

MAIL TO: P.O. BOX 32145
FRIDLEY, MN 55432

600 COON RAPIDS BLVD.
COON RAPIDS, MN 55433

612-780-1042
1-800-279-3733

NOVEMBER 23, 1999

RE: AMERITECH CELLULAR CHICAGO
CLIENT REFERENCE #  : 847-370-9862-002
BALANCE DUE         : $253.31

CLIFTON H TURNER
1000 GROVE ST
EVANSTON IL   60201-4202

DEAR CLIFTON H TURNER

WE SENT YOU A FIRST NOTICE WHICH INCLUDED YOUR RIGHTS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. YOU MAY STILL HAVE TIME TO EXERCISE YOUR RIGHTS.

FURTHER COLLECTION ACTIVITY MAY BE TAKEN TO COLLECT THIS ACCOUNT.

THIS FURTHER COLLECTION ACTIVITY CAN BE AVOIDED...IF YOU TAKE CARE OF THIS MATTER!

* * * YOUR ACCOUNT WILL BE REPORTED TO THE CREDIT BUREAU(S) * * *

SINCERELY,

CASEY SANDERS EXT 287
YOUR ACCOUNT REPRESENTATIVE

PLEASE INCLUDE THIS NUMBER, 2697914 ON YOUR PAYMENT

* * * VISA AND MASTERCARD ACCEPTED * * *

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

- - - - - - - - - - - - - - - - - - - - - - - - - Detach and Return - - - - - - - - - - - - - - - - - - - - - - - -

P.O. Box 32145
Fridley, MN 55432
Forwarding Service Requested

RE: AMERITECH CELLULAR CHICAGO
ACCOUNT #    : 2697914
BALANCE DUE  : $253.31

Check one:    ☐ Visa        ☐ MasterCard

Card Number: _____

PERSONAL & CONFIDENTIAL
2697914

Expiration Date: _____  Payment Amount: _____

Signature: _____

CLIFTON H TURNER
1000 GROVE ST
EVANSTON IL   60201-4202

Telephone #: _____

Diversified Adjustment Service, Inc.
P.O. Box 32145
Fridley, MN 55432-0145

ENCLOSING THIS NOTICE WITH YOUR PAYMENT WILL EXPEDITE CREDIT TO YOUR ACCOUNT.